### AFFIDAVIT OF ATF SPECIAL AGENT JOHN L. KELTER

I, John L. Kelter, being duly sworn, depose and state under oath as follows:

### INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed for approximately thirteen years. Prior to my employment with ATF, I was a duly sworn police officer in the City of Lynn, Massachusetts, for approximately seven years.

2. I am currently assigned to work with other federal, state, and local law enforcement agencies in a task force effort focusing on federal firearms, explosives and controlled substance violations. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms and narcotics laws and know that it is a violation of 18 U.S.C. §922(g)(1) for a person previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition that has crossed state or national boundaries, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. I am further aware that it is a violation of 18 U.S.C. §922(a)(1)(A) for a person to deal in firearms without a license. I am also aware that it is a violation of 21 U.S.C. §841 to distribute controlled substances, including heroin.

3. Based upon the facts set forth herein, there is probable cause to believe that Jaime TORRES has: (1) violated 18 U.S.C. §922(g)(1) by being a felon in possession of a firearm; (2) violated 18 U.S.C. §922(a)(1)(A) by dealing in firearms without a license; and (3) violated 21 U.S.C. §841 by distributing heroin.

4. The information contained in this affidavit is based on my personal involvement in this investigation, my training and experience, information provided to me by other law enforcement officers, and information provided to me by two confidential informants. This affidavit does not contain every fact known to me relative to this investigation, only the facts necessary to establish probable cause for the issuance of a federal complaint.

### Background and CI Information

5. In late November and early December of 2014, Lynn Police Detective Mike Ferraro and I interviewed an individual (here in referred to as "CI-1") whose identity is known to law enforcement, but who wishes to remain anonymous out of concern for his/her safety. CI-1 provided information regarding TORRES. CI-1 stated that TORRES was involved in the distribution of heroin and other illegal drugs in the Lynn area. CI-1 further stated that TORRES had access to and possessed firearms in furtherance of his drug activities. CI-1 also stated that TORRES owned a business named "Jackie's Transportation," and believed that TORRES used this business to launder proceeds from his drug business. CI-1 was shown a MA RMV photo of TORRES (License number S55216135) and positively identified the individual depicted in this photo as Jaime TORRES.

6. I have reviewed the criminal history for CI-1 and noted that CI-1 has a past drug distribution conviction in the Commonwealth of Massachusetts. CI-1 admits to being involved in a number of different drug transactions with TORRES in the two or three months prior to coming forward. CI-1 does not have any pending criminal charges of which I am aware. CI-1's stated reason for bringing information forward was for safety reasons, as CI-1 claims to

have been assaulted, and has seen others assaulted, by TORRES in the months that CI-1 has been dealing with TORRES.

7. Acting under my direction, CI-1 was instructed to contact TORRES and determine if TORRES had any firearms he was willing to sell. CI-1 was instructed to tell TORRES that the firearm was for a friend who was in need of a firearm. CI-1 subsequently informed me that TORRES was in possession of a 9mm pistol and the cost of the pistol would be $800.

8. CI-1 agreed to introduce a documented ATF confidential informant ("CI-2") to TORRES, as a friend who was interested in purchasing the firearm. CI-2 has provided information to ATF over the past three years that has lead the arrest of several individuals and the seizure and purchase of several firearms. CI-2 is cooperating with this investigation for monetary rewards. CI-2 does not have any pending criminal matters that I am currently aware of. Following his introduction by CI-1, CI-2 conducted numerous firearms and heroin deals with TORRES as referenced in my affidavit submitted to this Court in support of a search warrant for TORRES' premises at 15 French Street in Lynn (See 15-MJ-4107-DHH). The last deal is described below.

### February 26, 2015 Purchase of 3 Handguns and Heroin from TORRES

9. On 02/26/2015, at approximately 12:15pm, CI-2 met with me and other members of ATF and the Lynn Police at a pre-arranged staging location in order to conduct a controlled purchase of a firearm and a finger (10 grams) of heroin from TORRES in exchange for $1250. Instead of the one firearm, TORRES ultimately provided CI-2 with three firearms. These firearms were: (1) a Smith & Wesson, model 36, .38-caliber revolver, bearing serial # J523187, (2) a Jennings, model J-22, .22-caliber pistol with an obliterated

3

serial number, and (3) a Rohm, model RG10, .22-caliber revolver with an obliterated

serial number.

10. At approximately 1:30pm, TORRES contacted the CI-2 via cell phone, and instructed CI-

2 to go to TORRES' residence at 15 French Street in Lynn, Massachusetts, and to wait for

TORRES to return to the house with the firearm. After this phone call, CI-2 and the ATF

undercover vehicle were searched, CI-2 was provided with the $1250 and the audio/video

recorder being worn by the CI was activated. At approximately 1:33pm, CI-2 was

followed directly from the staging location to the area of TORRES' residence – this same

residence was the site of a heroin transaction involving TORRES and CI-2 that occurred

on January 7, 2015. At approximately 1:40pm, CI-2 was observed pulling onto French

Street and park in the driveway of TORRES' residence behind several Jackie's

Transportation vans.

11. At approximately 1:53pm, CI-2 was overheard via the transmitter speaking with

TORRES via cell phone. CI-2 contacted me and informed me that TORRES had just

contacted CI-2 and told the CI that he was going to bring CI-2 three firearms, and not the

one they had agreed on earlier. CI-2 stated that TORRES informed CI-2 that TORRES

would sell the three firearms to CI-2 for $1400 and that CI-2 could pay TORRES the

extra $750 the next time CI-2 bought heroin from TORRES. I informed CI-2 that this

was acceptable.

12. At approximately 2:01pm, a silver Toyota 4 Runner, bearing ma plate 2CL471, was

observed pulling onto French Street and into the driveway of TORRES' residence next to

the ATF vehicle. TORRES was observed in this silver vehicle along with other

4

individuals.  CI-2 could be heard via the transmitter stating that TORRES and three other

males had got out of the vehicle and wanted CI-2 to go inside the residence.  CI-2 could

be heard stating that he/she did not feel comfortable going into the residence and was

going to call TORRES and tell him to come to the ATF vehicle.  CI-2 could then be heard

having conversation via cell phone.

13. At approximately 2:04pm, CI-2 could be heard via the transmitter stating TORRES was

coming out of the house and coming over to the ATF vehicle.  CI-2 could then be heard

via the transmitter having a conversation with TORRES; I am familiar with TORRES'

voice as a result of this investigation.  At approximately 2:06pm, CI-2 and TORRES

could be heard via transmitter parting ways.  At approximately 2:07pm, CI-2 operating

the ATF vehicle was observed leaving the area of the TARGET LOCATION, and was

followed directly back to the pre-arranged staging location.

14. Once back at the staging location, CI-2 and the ATF vehicle were searched.  The

audio/video recorder and transmitter were taken back into the possession of ATF.  The

three firearms, ammunition, and approximately 10 grams of heroin were taken into the

possession of ATF.  I recently conducted a field test of the substance seized on February

26, 2015, and the results of the test were that the substance tested positive for heroin.  For

the three firearms, I personally examined each firearm, and determined that each firearm

satisfied the federal definition for "firearm" under 18 U.S.C. §922(a)(3) as all three

firearms (1) were designed to or could be readily converted to expel a projectile, and (2)

constituted the frame or receiver of such a weapon.  Based upon a review of ATF records,

the Smith & Wesson revolver seized has travelled in interstate commerce as it was

originally shipped outside the Commonwealth of Massachusetts and then returned to Massachusetts. In addition, based upon my training and experience as an ATF special agent, as to the other two seized firearms, I am aware that the manufacturers for these two firearms are outside the Commonwealth of Massachusetts, and thus the firearms have travelled in interstate commerce. Special Agent, Dan McPartlin, who is designated as an ATF interstate nexus expert, confirmed my opinion that these two firearms traveled in interstate commerce due to the locations of their respective manufacturers. Special Agent McPartlin also confirmed my opinion that all three firearms are "firearms" for the purposes of federal law.

15. Immediately following this controlled purchase, I debriefed CI-2. CI-2 informed me that TORRES came out of the TARGET LOCATION holding a white t-shirt with something wrapped inside it and entered the front passenger seat of the ATF vehicle. CI-2 stated that TORRES got into the front passenger seat of the ATF vehicle with this white t-shirt in one hand and the finger of heroin in his other hand. CI-2 stated that TORRES handed the CI the heroin, and then opened the t-shirt to reveal a smaller purple bag. CI-2 stated that TORRES opened this purple bag and showed CI-2 the three handguns and ammunition for these handguns that was contained in this bag. CI-2 stated that while TORRES was handling the firearms and ammunition, TORRES was very careful and touched them with a napkin and not his bare hands. CI-2 stated that after taking possession of the heroin and the firearms, he/she then handed TORRES $1250.

## IDENTIFICATION OF TORRES / TORRES' CRIMINAL HISTORY

16. According to records maintained by the Massachusetts Registry of Motor Vehicles (RMV), TORRES' listed address is 15 French Street, Lynn, Massachusetts – the TARGET LOCATION. Additionally, I have reviewed records obtained from National Grid and learned that Jaime TORRES is the active account holder at 15 French Street in Lynn, and that the contact number associated with TORRES is (978) 826-0777, which is the cell phone number CI-2 initially used to call TORRES on January 5, 2015.

17. I have also reviewed cooperate records which indicates that Jaime TORRES is the Vice President of the corporation which owns Jackie's Transportation. Jaime TORRES is also the listed president of J&J Construction, which is currently the listed owner of the property located at 15 French St. in Lynn, Massachusetts.

18. I have reviewed TORRES' criminal record as maintained by the Massachusetts Criminal History Systems Board. According to those records, TORRES has a lengthy Massachusetts Criminal History, which dates back to 1996. According to those records, TORRES has multiple convictions in Massachusetts for drug offenses and other crimes, which are punishable by imprisonment for a term exceeding one year. I know from my training and experience that these offenses meet the definition of "crime punishable by imprisonment for a term exceeding one year" as set forth at 18 U.S.C. § 921(a)(20). In addition, per my review of ATF records, TORRES has no license to deal in firearms.

## CONCLUSION

19. Based on all of the facts and opinions set forth in this affidavit, there is probable cause to believe that Jaime TORRES has committed the following federal crimes (1) distribution of

heroin in violation of 21 U.S.C. §841(a)(1); (2) felon in possession of a firearm in violation

of 18 U.S.C. §922(g)(1): and (3) illegally dealing in firearms without a license in violation of

18 U.S.C. §922(a)(1)(A).

 

John L. Kelter, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives


Sworn to before me this 20th day of March 2015.

Hon. David H. Hennessy
United States Magistrate Judge